MAUDE NEWMAN, APPELLEE, V. JOHN DOVEY, JR.,
                        APPELLANT.

               FILED JANUARY 29, 1915.  No. 18,007.

1. **Bastardy:** PRELIMINARY EXAMINATION: TRANSCRIPT OF EVIDENCE.
   Where, in a prosecution instituted under the provisions of chapter
   7, Rev. St. 1913, it was stipulated by the parties that the testi-
   mony of the complainant should be taken in shorthand and tran-
   scribed and certified by the magistrate, which was done, and the
   testimony was filed in the district court before the trial, an
   objection of the defendant to being placed on trial because com-
   plainant's evidence was not reduced to writing by the magistrate
   was properly overruled.

2. ————: COMPLAINT: SUFFICIENCY.  An objection to the complaint,
   which was filed before the birth of the child, that it did not
   state that the child was born alive, should be overruled.

APPEAL from the district court for Webster county:
HARRY S. DUNGAN, JUDGE.  *Affirmed.*

*Bernard McNeny,* for appellant.

*E. U. Overman, F. J. Munday* and *Fred Maurer, contra.*

BARNES, J.

This is an appeal from a judgment of the district court
for Webster county, in which John Dovey, Jr., was ad-
judged to be the father of a bastard child, of which Maude
Newman, an unmarried woman, was the mother.

It appears that a complaint, in the usual form, was filed
before the county judge of Webster county, acting as magis-
trate.  A preliminary hearing was had, and the defendant
was bound over to the district court to answer to the charge.
When the complaint was filed, the child was not born.
The complaint alleged that the complainant was pregnant
with a bastard child.  This was all the allegation that could
have been made upon that subject.  The complaint was
therefore sufficient.  If the child had died after the filing
of the complaint, that would be a matter of defense or of

mitigation of the amount of the recovery. The objection was therefore properly overruled. The cause was tried on the original complaint filed before the magistrate. The defendant pleaded not guilty, and objected to being placed on trial on the ground that the magistrate, before whom the testimony on the preliminary examination was taken, did not reduce the complainant's testimony to writing, as the law required, and that no transcript of the testimony taken and reduced to writing by the magistrate had been filed in the district court, as required by law. His objection was overruled, the testimony on both sides was taken, and the jury returned a verdict finding the defendant guilty. A motion for a new trial was overruled, and the court rendered judgment on the verdict that the defendant was the reputed father of the child, and charged him with its maintenance in the sum of $1,200, payable in six instalments.

Defendant's first assignment of error is that the complaint was not sufficient to require him to be put upon his trial, in that it failed to allege the birth of the child, or that the child was then alive. The second error complained of is that the defendant was wrongfully put upon his trial in the absence of the written examination of the complainant upon the examination before the magistrate. The statutes provide that the testimony of the prosecutrix shall be reduced to writing and filed in the district court by the magistrate before whom the preliminary examination is held. It appears from the record that, at the time of the preliminary examination, it was agreed, by both parties, that the testimony of the prosecutrix should be taken in shorthand and then reduced to writing, and should be certified by the magistrate and filed in the district court. This was done, and at the time of the trial the shorthand notes had been transcribed, the magistrate had duly certified to the correctness of the same, and the prosecutrix's evidence, thus preserved, was on file in the district court. We know of no reason why this method of procedure should not have been resorted to. Defendant cites the case of

97Neb.40

*Morgan v. Stone,* 4 Neb. (Unof.) 115. The opinion in that case does not support the defendant's contention. The record discloses that the testimony of the complaining witness was on file at the time of the trial, and, if the defendant had desired to introduce it in evidence to refute her testimony on the trial, it was available to him, but he did not see fit to make any use of it.

It appears from the record that the testimony of the prosecutrix was reasonable; that it was delivered in a straightforward, convincing manner; and, if the jury saw fit to believe her evidence, it was sufficient to sustain the verdict. By his testimony the defendant denied that he was the father of her child, but that was a fact for the determination of the jury.

As we view the record, it contains no reversible error, and the judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., ROSE and HAMER, JJ., not sitting.